UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, also known as Presidential Candidate Number P60005535, also known as Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897, doing business as United Emrits of America,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ELON MUSK; VIVEK RAMASWAMY; MIKE JOHNSON, Speaker of the House; DEPARTMENT OF GOVERNMENT EFFICIENCY,<br><br>　　　　　　　　　Defendants. | 3:25-CV-03001-RAL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

　　　　Plaintiff Ronald Satish Emrit filed a pro se lawsuit seeking relief under the Civil Rights Act of 1964 and the First, Fourth, Fifth, and Fourteenth Amendments. Doc. 1. Emrit also filed a motion for leave to proceed in forma pauperis. Doc. 2.

I.　　**Motion for Leave to Proceed In Forma Pauperis**

　　　　A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court.

Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Emrit's financial affidavit, this Court finds that he has insufficient funds to pay the filing fee. Thus, Emrit's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.     1915 Screening

### A.     Factual Background

In the aftermath of the Department of Government Efficiency's well–publicized and politically–driven government workforce and budget reductions, Emrit alleges that the defendants have adversely affected persons who rely on programs subsidized by the federal government, therefore constituting a series of civil rights violations. Doc. 1 at 4–5. As "an indigent, disabled, and unemployed resident of the state of Florida and Maryland," and as someone who "is disabled with bipolar disorder," Emrit argues he has standing to bring the current suit. Id. at 2, 4.

"[B]y trying to make one trillion dollars worth of budget reduction [sic] in the United States which would affect the lives of poor people of all races and ethnicities in the United States," Emrit alleges that the defendants have violated the Civil Rights Act of 1964, the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendments, the Privileges and Immunities Clause, the Fourth Amendment right to privacy, and the First Amendment right to freedom of association. Id. at 4–6. Emrit states that "[t]he defendants are not elected officials with the notable exception of Speaker of the House Mike Johnson and therefore the American people did not give a mandate to either Elon Musk or Vivek Ramaswamy to destroy the lives of many Americans living in poverty whether that is in the trailer parks of the Appalachian mountains or in the ghettoes of the Bronx, Brooklyn, or South Central Los Angeles." Id. at 4.

Emrit seeks damages in the amount of $500 billion. Id. at 6. Emrit also requests that United States Magistrate Judges in the Eastern District of Louisiana "make a criminal referral" to

the United States Department of Justice and that the Attorney General of the United States "file a criminal indictment and/or information against Elon Musk for foreign election interference[.]" Id. at 6. Additionally, Emrit seeks injunctions requiring the United States Attorneys in the Eastern, Western, and Middle Districts of Louisiana to "file a criminal indictment and/or information against Elon Musk for interfering with the American election as a foreign actor[.]" Id. at 7. He also seeks injunctions requiring what is known as the Department of Government Efficiency[1] to "be precluded and/or enjoined from affecting the Office of Management and Budget (OMB) and/or from obstructing Congress and legislation with tweets and/or policy recommendations[,]" and requiring President Trump to be precluded from creating a Department of Government Efficiency without congressional approval. Id. at 7.

### B. Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1] As Emrit implies, Congress did not create the Department of Government Efficiency ("DOGE"), but the current president did so by executive order. Though called a "department," DOGE has argued that it is not a government agency. DOGE claims to have saved taxpayers some $205 billion, but other studies have found it to have cost the government at least $21.7 billion and the Internal Revenue Service predicts that DOGE–driven cuts will result in $500 billion in revenues loss. Currently, neither defendant Musk nor defendant Ramaswamy are still with DOGE, as both have had falling outs with the administration to varying degrees.

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553-63)). Further, "a well-pleaded complaint may proceed even if

it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks removed) (quoting Twombly, 550 U.S. at 556).

### C. Legal Analysis

#### 1. Failure to State a Claim

Under 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted[.]" While a complaint "does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Here, Emrit does not allege sufficient facts to show he is entitled to any form of relief against the defendants. Emrit alleges that he has standing due to his status as a disabled and unemployed individual. Doc. 1 at 2, 4. However, he does not provide any facts demonstrating how what DOGE has wrought has harmed him personally, or that DOGE has caused him any injury at all. Id. at 4–5.

In cases where "defendants . . . include the government agency and a number of government actors sued in their individual capacities . . . it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Emrit's complaint "fails to differentiate among individual defendants and specify which defendants are alleged to have taken which particular actions," and instead lists general grievances against the defendants. See id. at 1253. Thus, this Court dismisses Emrit's complaint without

prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Lack of Standing

To establish standing, a plaintiff must demonstrate that he has suffered an injury in fact that bears a "causal connection" to the defendant's action, and that it is likely that the injury will be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (citations omitted). Here, Emrit has not provided facts demonstrating that DOGE's activities have caused him any injury in fact, and instead lists in his complaint results defendants are "trying to" achieve. Doc. 1 at 4–5. When establishing standing, "[a]llegations of possible future injury are not sufficient." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (internal quotation marks, brackets, emphasis, and citation omitted). Additionally, Emrit has provided no support to establish that his alleged injury can be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Lujan, 504 U.S. at 560–61 (quoting Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41–42 (1976)). Thus, Emrit's complaint fails to establish standing.

### 3. Frivolity of Privileges and Immunities Claim

A frivolous claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim may be dismissed as lacking an arguable basis in law if it is "based on an indisputably meritless legal theory[.]" Id. at 327. Here, Emrit claims a violation of the Privileges and Immunities Clause. Doc. 1 at 5. Article IV's Privileges and Immunities Clause is triggered when there is "discrimination against out-of-state residents on matters of fundamental concern[.]" United Bldg. & Constr. Trades Council v. Mayor & Council of the City of Camden, 465 U.S. 208, 220 (1984). However, Emrit provides no facts demonstrating

that there has been discrimination against out-of-state residents. See generally Doc. 1. Emrit's other claims grounded in the First, Fourth, Fifth, and Fourteenth Amendments similarly lack an arguable basis in law. Id.

A claim lacks an arguable basis in fact if it "describ[es] fantastic or delusional scenarios." Neitzke, 490 U.S. at 327. Here, Emrit's claim lacks any facts demonstrating how the defendants' conduct has personally injured him. For instance, the only factual support Emrit provides in his request for an injunction requiring United States Attorneys to file a criminal indictment against Elon Musk is that Musk "interfer[ed] with the American election as a foreign actor from South Africa who probably supports apartheid." Doc. 1 at 7. Thus, this Court dismisses Emrit's complaint with prejudice as a frivolous claim under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

### 4.   Improper Venue and Absence of Personal Jurisdiction

"Under 28 U.S.C. § 1391(b) venue is proper in the judicial district where all defendants reside or in which the claim arose." Resolution Tr. Corp. v. Sullivan, 772 F. Supp. 449, 450 (E.D. Mo. 1991). Although improper venue may be alleged as an affirmative defense, the United States Court of Appeals for the Tenth Circuit has held that "a district court may, in certain limited circumstances . . . dismiss under § 1915 . . . for improper venue, as well as for affirmative defenses." Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006). Emrit does not allege that any of the defendants resides in South Dakota, nor does he allege that the claim arose in South Dakota. See Doc. 1. Indeed, neither Emrit nor any of the defendants appear to be in South Dakota.

---

[2] This Court notes that Emrit has a history of bringing frivolous claims. Emrit v. Combs, No. 1:24-cv-129, 2024 WL 1121579, at *1 (W.D. Mich. Feb. 12, 2014) ("A well–documented 'serial pro se filer' since approximately 2013, Plaintiff Ronald Satish Emrit . . . has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii."). A Public Access to Court Electronic Records (PACER) search reveals that Emrit has filed over a dozen similar lawsuits in separate district courts alleging the same or substantially similar allegations as those in the complaint before this Court.

Therefore, even if Emrit did allege a claim upon which relief may be granted, the District of South Dakota is not the proper venue for him to file suit.

To establish personal jurisdiction, due process requires that the defendant "purposefully established minimum contacts within the forum State" so that the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.' " Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). Here, Emirt has not alleged facts demonstrating a connection with South Dakota sufficient to establish personal jurisdiction. Neither Emrit nor any of the defendants reside in or appear to have any connection to South Dakota. Thus, Emrit's complaint fails to plead facts to provide a valid basis for personal jurisdiction over the defendants.

### III. Order

Accordingly, it is

ORDERED that Emrit's motion to proceed in forma pauperis is granted. It is further

ORDERED that Emrit's complaint is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED August 28, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE